IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JEAN FITZGERALD, | : |
| | : |
| Plaintiff, | : Case No. 2:17-cv-01059-GCS-CMV |
| | : |
| -vs- | : Judge George C. Smith |
| | : |
| THE KROGER CO., | : Mag. Judge Chelsey M. Vascura |
| | : |
| Defendants. | : |

## AGREED AND STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

WHEREAS, certain documents, information and other things arguably discoverable under applicable rules of discovery in this action should be kept confidential in order to protect the privacy or legitimate business interests of the parties; and

WHEREAS, the parties to this action have agreed on the terms of a Stipulated Protective Order to govern the treatment, disclosure and dissemination of confidential documents and information both during the pendency of the action and following its termination, or until this Stipulated Protective Order is amended or superseded;

IT IS HEREBY STIPULATED AND AGREED BY THE PARTIES, this Honorable Court consenting, that:

1. This Agreed and Stipulated Confidentiality Agreement and Protective Order (hereinafter "Stipulated Protective Order") shall apply to and govern all documents, information and things produced in discovery in this action or any other proceedings herein which contain proprietary information, trade secrets, or other confidential information, research, development or commercial information. Such items may include, without limitation, documents and things produced, answers to interrogatories, answers to requests for admissions, information obtained from inspection of premises or things, and any other matter which the disclosing party shall designate as confidential pursuant to Paragraph 6 herein, as well as all information, documents and things referring or relating to the foregoing, including, but not limited to, copies summaries, digests, compilations or abstracts (all of which are referred to collectively herein as "PROTECTED MATERIAL").

2. Except upon further Order of this Court, by express prior written consent of counsel for the producing party, or as otherwise provided herein, PROTECTED MATERIAL furnished in this action by any person or entity and information derived from PROTECTED MATERIAL shall be used solely for the purpose of the litigation of this action, and shall not be disclosed by the recipient to any person other than:

    a. The parties and their attorneys, including the attorneys' paralegals, clerks, and court reporters, stenographic and word processing personnel, as necessary in connection with the prosecution or defense of this action;

    b. Insurers and/or claims adjusters/administrators for the parties or other attorneys retained by insurers;

    c. Current or former directors, officers, and employees of the parties as necessary to the prosecution or defense of this action;

    d. A reasonable number of persons retained by the parties as expert consultants or expert witnesses in the prosecution or defense of this action; and

    e. The Court.

3. Each person who knowingly receives PROTECTED MATERIAL designated pursuant to this Stipulated Protective Order agrees to subject himself or herself to the jurisdiction of the Court in which this action is pending for the purpose of any proceeding to enforce performance under or compliance with this Stipulated Protective Order, or to address any alleged violation thereof. Any party to whom PROTECTED MATERIAL is disclosed shall provide al authorized recipients of PROTECTED MATERIAL with a copy of this Stipulated Protective Order.

4. Except as provided herein, any person receiving PROTECTED MATERIAL shall not (a) disclose such PROTECTED MATERIAL, or any part thereof, to any persons to whom disclosure is not authorized by the terms of Paragraph 2; or (b) make any other disclosure of such PROTECTED MATERIAL for any purpose whatsoever.

5. The recipient of any PROTECTED MATERIAL that is furnished pursuant to this Stipulated Protective Order shall maintain the same in a secure and safe area, and the recipient shall exercise due and proper care with respect to the storage, custody, use or dissemination of all such PROTECTED MATERIAL to prevent its disclosure to any unauthorized person.

6. All documents and other information hereinafter produced by a party which that party considers to be confidential shall be watermarked with the notice "PROTECTED MATERIAL –FITZGERALD LITIGATION Case No. 2:17-cv-01059-GCS-CMV" at the time of production. Neither the existence of this Stipulated Protective Order nor the designation of any material as PROTECTED MATERIAL shall have any effect or bearing on whether the information contained therein is, in fact, confidential, but

documents and information designated PROTECTED MATERIAL shall be treated consistent with the terms of this Agreed and Stipulated Confidentiality and Protective Order unless the Court orders otherwise.

7. The terms of this Stipulated Protective Order shall not be construed to apply to any non-protected information which was in the possession of any party prior to the execution of this Stipulated Protective Order; to apply to information which appears in published patents, copyrights, printed publications, or which was, is, or becomes public knowledge, not in violation of this Stipulated Protective Order.

8. The inadvertent production of any document, information or thing that is not designated PROTECTED MATERIAL consistent with Paragraph 6 shall not by itself be deemed a waiver of the claim of confidentiality by the designating party as to such matter, and any party thereafter may designate the same as PROTECTED MATERIAL by circulating properly designated copies to the authorized recipient(s) of such matter.

9. At the conclusion of this action, upon written request from the party that has disclosed PROTECTED MATERIAL, all PROTECTED MATERIAL (including all copies thereof and all deposition transcripts and exhibits designated as PROTECTED MATERIAL) shall be either: a) returned to the requesting party; or (b) destroyed, at the option of the attorney to whom the PROTECTED MATERIAL was produced. If the materials are destroyed, the attorney to whom the PROTECTED MATERIAL was produced shall provide the disclosing party with an affidavit verifying the destruction of said materials within thirty (30) days of the conclusion of the action. The return or destruction of PROTECTED MATERIAL shall take place no later than thirty (30) days after the unappealed or unappealable final judgment or settlement of this action.

10. The foregoing provisions of this Stipulated Protective Order shall apply to all copies and forms of reproduction of PROTECTED MATERIAL and all summaries, extracts or other materials prepared from PROTECTED MATERIAL by any person subject to this Order.

11. This Stipulated Protective Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the restrictions contained herein.

12. Any party may seek to enforce this Stipulated Protective Order by seeking judicial relief, including but not limited to the imposition of sanctions, and this Court will retain jurisdiction for the purpose of enforcement of this Stipulated Protective Order after dismissal of the case.

13. This Stipulated Protective Order may be signed in counterpart.

THE FOREGOING IS STIPULATED AND AGREED:

_____
John E. Quinn, Esq.
QUINN LOGUE LLC
200 First Avenue, Third Floor
Pittsburgh, PA 15222
jquinn@quinnlogue.com

/s/ Roy E. Leonard
_____
Roy E. Leonard (0016359)
Leonard, PLLC
105 Market Street, Suite 300
Pittsburgh, PA 15222
rleonard@leonardfirm.com

_____
J. Julius Bolock, Esq.
QUINN LOGUE LLC
200 First Avenue, Third Floor
Pittsburgh, PA 15222
jbolock@quinnlogue.com

_____
Claudia L. Spriggs    (0074813)
LANE ALTON
2 Miranova Place, Suite 220
Columbus, Ohio 43017
cspriggs@lanealton.com

_____
Jean Fitzgerald

**IT IS SO ORDERED,**

_____
**Magistrate Judge Chelsey M. Vascura**

4